In re: Earline ROBINSON, Petitioner.

Earline Robinson, Petitioner,

v.

C. Davis Atkinson, Respondent.

No. 04–6617–op.

United States Court of Appeals, Second Circuit.

Aug. 31, 2006.

William J.T. Brown, LeBoeuf, Lamb, Greene & MacRae, L.L.P., New York, NY, for Petitioner.

Frederick H. Wen, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York, Robin A. Forshaw, Deputy Solicitor General for Criminal Matters, on the brief), New York, NY, for Respondent.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Earline Robinson seeks a writ of mandamus to compel the United States District Court for the Southern District of New York ("District Court" or "Southern District") to vacate a November 1, 2004 order transferring Robinson's habeas cor-

pus petition to the United States District Court for the Middle District of Pennsylvania ("Middle District"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

In his mandamus petition, Robinson argues principally that (1) the District Court lacked the "statutory authority" under 28 U.S.C. § 1404(a) to transfer his habeas petition to the Middle District because the Pennsylvania Parole Board was not a proper respondent under *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); and (2) although his habeas petition has already been dismissed by the Middle District, the Southern District should be "direct[ed] ... to hear and adjudicate his petition ... and to recall its prior order" of transfer. Pet'r's Br. at 1.

Because the writ of mandamus under 28 U.S.C. § 1651(a) "is one of the most potent weapons in the judicial arsenal," three conditions must be met before the writ may issue: (1) "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires"; (2) the petitioner must demonstrate that his "right to issuance of the writ is clear and indisputable"; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (alteration in original) (internal quotation marks omitted).

Based on our assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude, "in the exercise of [our] discretion," that the granting of the writ is not "appropriate under the circumstances," *Cheney*, 542 U.S. at 381, 124 S.Ct. 2576, because Robinson failed to seek interim relief from the District Court's transfer order in a timely manner.[1] Although we have stated previously that "the clerk's physical transfer of the file" to another court—here, the Middle District of Pennsylvania—does not "destroy[ ] our jurisdiction" to review whether the District Court in fact had the power to transfer the case in the first place, we have nevertheless emphasized that *"[e]ven where the issue is lack of power,* those attacking a transfer order should move *swiftly* for interim relief rather than allow two months to go by ... before seeking to set it aside." *See Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir.1969) (emphases added). In this case, Robinson filed his mandamus petition on December 29, 2004— nearly two months after the District Court's November 1, 2004 transfer order— and he failed to seek any other form of interim relief from the transfer order until his direct appeal was filed on December 3, 2004, having foregone altogether any request to the District Court for a stay of the transfer order or for an interlocutory appeal under 28 U.S.C. § 1292(b). Although Robinson was proceeding *pro se* before the District Court, his unexplained delay in seeking *any* form of interim relief before the case was transferred on November 23, 2004 [2]—and, in particular, his

---

1. Because we rest our decision here on "the exercise of [our] discretion," *Cheney*, 542 U.S. at 381, 124 S.Ct. 2576, we need not, and do not, address the merits of Robinson's underlying claim in his mandamus petition—namely, that the District Court lacked the power to transfer his habeas petition under 28 U.S.C. § 1404(a).

2. Although under the court rules of the Southern District of New York, Robinson's file could have been transferred as early as five days from the date of the November 1, 2004 transfer order, *see* S.D.N.Y. Local Civ. R. 83.1, the District Court's docket sheet shows that the transfer was not actually made until November 23, 2004.

failure to seek a stay at any stage of the proceedings below—counsels against the exercise of our discretion to grant the "extraordinary" remedy of mandamus.[3] *See Farrell,* 408 F.2d at 664 (emphasizing that "there is a practical justification for requiring immediate application for interim relief, such as a stay" because "doing so prevents unnecessary delay in resolving the confusion that a mandamus proceeding inevitably entails, particularly when it involves a transfer of a case to another district"); *cf. In re Warrick,* 70 F.3d 736, 739 (2d Cir.1995) (considering mandamus petition where Court Clerk prematurely transferred file, thus "frustrat[ing] the opportunity that the [local] rule affords an aggrieved party to seek a stay of a transfer order, and to seek a writ of mandamus reversing the transfer order").

Accordingly, for the reasons stated above, the petition for a writ of mandamus is hereby **DENIED.**

---

**3.** Also relevant to our discretionary judgment that mandamus is not appropriate under the circumstances presented is the fact that the Middle District of Pennsylvania has already adjudicated Robinson's underlying habeas petition, dismissing the case for failure to exhaust state court remedies and because the habeas petition was time-barred. Although we need not conclusively determine here that the same result would be reached in the Southern District, Robinson's limited likelihood of success before the District Court further counsels against our exercise of discretion to grant mandamus relief.